1

2                              **UNITED STATES DISTRICT COURT**

3                                    **DISTRICT OF NEVADA**

4                                            * * *

CURTIS LEE WIMBERLY,                        )

5                                           )

                          Plaintiff,        )

6                                           )           2:10-cv-01414-LDG -VCF

v.                                          )

7                                           )           **O R D E R**

CITY OF HENDERSON, *et al.,*                )

8                                           )

                          Defendant.        )

9     _____)

10          Before the court is plaintiff Curtis Lee Wimberly's Motion To Compel. (#30).  Defendants filed

11    an Opposition (#36), and plaintiff filed a Reply (#37).

12    **Background**

13          Plaintiff filed his original complaint on August 19, 2010, and an amended complaint on

14    September 13, 2009, asserting violations of civil rights under 42 U.S.C. § 1983, battery, and intentional

15    infliction of emotional distress. (#1 and #8).  In plaintiff's amended complaint, he alleges that on the

16    night of March 2, 2010, while plaintiff was exiting his garage to get into his truck, he was approached

17    by four or five police officers carrying flashlights.  *Id.*  The officers allegedly rushed into the garage,

18    and yelled at plaintiff to get on the ground.  *Id.*  Plaintiff alleges that he was "violently thrown onto the

19    concrete garage floor" by the officers and was subsequently hand-cuffed.  *Id.*  Plaintiff asserts that he

20    suffered "extreme and excruciating back pain" from being thrown to the ground.  *Id.*  After plaintiff was

21    forced to the ground, an ambulance arrived at plaintiff's home, and plaintiff was taken to the hospital

22    to undergo medical tests to determine if he was under the influence of drugs or alcohol.  *Id.*  Once the

23    tests confirmed that plaintiff was not under the influence, the officers permitted him to leave.  *Id.*

24          As a result of the incident, plaintiff asserts that he "continues to suffer extreme back pain which

25    was not present prior to the [defendants'] attack," and that he has been advised to undergo another

26    spinal fusion surgery.  *Id.*  Plaintiff alleges Fourth Amendment violations, because at the time plaintiff

was detained, plaintiff had not "committed a crime nor had he been accused of committing a crime." *Id.* Plaintiff asserts that defendant City of Henderson (hereinafter "the City") has a "policy and custom of allowing its police officers to use force in violation of its citizen's civil rights," and that it "tolerates and fails to prevent its police officers' use of excessive force against citizens..." *Id.* Defendants filed their answer on November 15, 2010, asserting several affirmative defenses, including that plaintiff failed to state a claim, that plaintiff's state law causes of action are barred by NRS Chapter 41, and that plaintiff's injuries were "directly or proximately caused or contributed to by" plaintiff's own negligence. (#15).

On December 31, 2010, plaintiff served defendants with written discovery. (#36). On January 5, 2011, defendants sent a letter to plaintiff explaining that defendants' written discovery was premature because the parties had not engaged in a Rule 26(f) conference. (#36 Exhibit B); See Federal Rule of Civil Procedure 26(d)(1)(stating that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)..."). Defendants advised plaintiff to re-serve the discovery *after* the parties' Rule 26(f) conference. *Id.* At the 26(f) conference held on January 13, 2011, defendants' counsel restated that the written discovery needed to be re-served. (#36 Exhibit A). On February 14, 2010, plaintiff served a subpoena[1] upon the City Clerk's office for defendant the City pursuant to Rule 45, which demanded records to be provided to plaintiff's counsel by March 3, 2011, at 10:00 a.m. (#36 Exhibit C). The subpoena requested "employee records, payroll records, incident reports, and investigative reports on open and closed files/matters" for the named defendant officers. *Id.*

The City was never served with the subpoena, and defense counsel learned of the subpoena

---

[1] As plaintiff was requesting documents from a defendant, plaintiff was not required to subpoena such documents under Rule 34, and should have served defendant with a request for production of documents instead. See Fed. R. Civ. P. 34(a) and(c)(stating that a "party may serve on any other party a request...to produce...any designated documents," and that a "nonparty may be compelled to produce documents" through a subpoena as provided in Rule 45.)

through the City Clerk's office. (#36). Nothing in the record, however, indicates when defense counsel learned of the subpoena. On February 17, 2011, defendants assert that the City provided "some documentation gathered during the Internal Affairs (hereinafter "IAB") investigation, as well as the recorded interview given by [p]laintiff." (#36 Exhibit D). On February 24, 2011, defendants served their objections (#36 Exhibit E) to plaintiff's subpoena, and at no time since then has plaintiff sought to compel production pursuant to the subpoena. (#36). Nothing in the record demonstrates if plaintiff ever re-served his written discovery, but on May 19, 2011, the individual defendants served their responses to plaintiff's written discovery. *Id.* On May 25, 2011, plaintiff's counsel sent a letter to defendant's counsel stating that plaintiff "is in receipt of [defendants'] initial written discovery responses" and objections, but that plaintiff "is entitled to the information [plaintiff] seeks..." (#36 Exhibit G). On May 26, 2011, plaintiff served interrogatories on defendant Bott for the first time. *Id.* On June 20, 2011, the remaining portion of the IAB file was delivered to plaintiff. (#36 Exhibit F). Defendant Bott served plaintiff with his answers on August 4, 2011. *Id.*

On December 16, 2011, and on January 23, 2012, plaintiff's counsel sent emails to defendants' counsel to discuss discovery issues. (#30 Affidavit of plaintiff's counsel). On January 19, 2012, the parties filed a stipulation for protective order (#28), which the court disapproved without prejudice (#29). On February 1, 2012, plaintiff filed the instant motion to compel. (#30). On March 15, 2012, the court signed a modified version of the parties' confidentiality agreement, stipulation for protective order, and protective order. (#40 and #41).

**Motion To Compel**

Plaintiff asks this court to compel defendants to provide supplemental responses to the specific requests for production of documents and interrogatories, and to produce the personnel files of each of the officers name in the complaint. (#30). Plaintiff also seek attorney's fees and costs incurred in having to bring the motion to compel. *Id.* Defendants oppose the plaintiff's motion, and argue that the motion should be denied because (1) plaintiff failed to meaningfully attempt to meet and confer

3

concerning the issues with the defendants' written discovery responses as required by Local Rule 26-7(b), (2) the motion does not set forth in full text the discovery originally sought and the response thereto as required by LR 26-7(a), and (3) that defendants' objections should be sustained, because plaintiff has not adequately limited his requests to relevant time periods, defined terms such as "incident" and "altercation," or explained how requests such as payroll records are relevant.  (#36).

Pursuant to LR 26-7(a), "[a]ll motions to compel discovery or for protective order shall set forth in full text the discovery originally sought and response thereto, if any."  In plaintiff's motion to compel, he does not set forth in full text his discovery requests or the defendants' responses.  (#30).  Rather, plaintiff attaches each defendants' responses as exhibits and paraphrases his requests and the responses thereto.  *Id.*  In a footnote on page 10 of plaintiff's motion, he states that "[f]or efficiency and time purposes, [p]laintiff notes that almost identical interrogatories were sent to each [d]efendant [o]fficer, and [p]laintiff maintains that the other [d]efendant officers' [r]esponses are evasive and incomplete. While the instant [m]otion [t]o [c]ompel is directed at all [d]efendants, [p]laintiff points to specific examples set forth in [o]fficer Leigh's, but calls this [c]ourt's attention to the fact that all [d]efendants answered in the same or similar fashion which is the subject of this [m]otion."  (#30).  Plaintiff admittedly failed to comply with LR 26-7(a), and even after the defendants addressed this deficiency in their opposition, plaintiff did not cure the deficiency in his reply (#37).

LR 26-7(b) provides that "[d]iscovery motions will not be considered unless a statement of the movant is attached thereto certifying that, after personal consultation and sincere effort to do so, the parties have not been able to resolve the matter without [c]ourt action."  In plaintiff's counsel Madeline L. DiCicco's affidavit attached to the motion to compel, counsel states that after receiving the defendants' responses, she "informed defense [c]ounsel of the lack of compliance with discovery rules and requested that [d]efendants supplement their responses."  (#30).  Plaintiff did not direct the court to a specific exhibit evidencing this communication.  However, in letter addressed to defense counsel dated June 14, 2011, plaintiff's counsel discussed the defendants' responses in relation to the executed

4

confidentiality agreement, and asked defense counsel to advise "if it is your [defendants'] intention not to abide by the [a]greement and if it will be necessary for [plaintiff] to file a [m]otion to [c]ompel." (#30 Exhibit 10). Plaintiff's counsel did not offer to meet and confer in this initial letter. *Id.*

Plaintiff's counsel also states in her affidavit that on two occasions she sent defense counsel emails "requesting that they hold a meet and confer to discuss the discovery plan currently in place." (#30). The email sent on December 16, 2011, states that plaintiff's counsel is "open to holding a meet and confer teleconference sometime next week to discuss [the] unresolved [discovery] issues." (#30 Exhibit 8). The email sent on January 23, 2012, however, addresses the parties stipulated protective order, and does not seek a meet and confer regarding the defendants' discovery responses. (#30 Exhibit 9). Plaintiff's counsel states in her affidavit that she attempted to discuss the discovery responses via telephone on January 23, 2012, but that no response has been received. (#30).

Although correspondence has occurred relating to discovery, the court finds that the parties have not engaged in a meaningful meet and confer as required by LR 26-7(b). This is apparent, not only because many of the letters and emails exchanged did not mention a meet and confer, but by the fact that those communications were not in a sincere effort to resolve the issues because plaintiff did not specify which responses are insufficient and for what reasons. This finding is supported by the fact that defendants assert that "[f]or the first time ever, [p]laintiff's motion to compel identifies the discovery requests for which [d]efendants' responses are contended to be insufficient." (#36). Defendants assert that they "have sought to provide explanations for their objections in the hope that [p]laintiff would be able to provide definitions where needed and to narrow the ridiculously broad scope of many of the requests," but that "[p]laintiff refused to even attempt to engage in that effort before bringing his [m]otion to [c]ompel." *Id.*

Many of the discovery issues could have been resolved without court intervention if the parties had met and conferred, and if the plaintiff had provided definitions for phrases in certain requests or narrowed certain requests to relevant time-frames. By way of example, Interrogatory No. 5 sought

information relating to "each and every incident or altercation" that the defendants were involved in within the last ten (10) years, and Interrogatory No. 8 sought "each and every call" the officers have responded to "involving alleged suicide attempts and what the procedure" was that the officers followed.  (#30 Exhibit 2).

Defendants objected to No. 5 with regard to the terms "altercation" and "incident," and explained to the court that these terms and the time-frame requested need to be narrowed.  (#36). "Incident," as understood by officers, is any event they respond to in the course of their employment. Thus, compiling information related to and explaining the circumstances surrounding *any* incident the officers responded to within the last ten (10) years, without limitation, could result in an incredibly burdensome production of thousands of irrelevant documents.  The events alleged in the complaint, defendants assert, do not involve that which would be commonly understood or defined as an "altercation." *Id*.  If the parties would have met and conferred, they could have resolved the ambiguity surrounding the use of the terms and could have agreed to narrow the requests in nature and time-period without the court's intervention.  This is the purpose of LR 26-7(b).

With regard to Interrogatory No. 8, defendants objection stated that the defendants do not maintain a list of calls by category, such as "suicide attempts," and that each defendant is involved in thousands of calls each year. *Id*.  Defendants assert that there is no "discernible way to find the information that [p]laintiff is requesting," and that the defendants do not have an individual recollection of the thousands of calls to which they respond.  *Id*.  Plaintiff disputes defendants' responses to this interrogatory in his motion, but does not mention the defendants' position that a list of such events is not available and not ascertainable. (#30).  If the plaintiff had made a sincere effort to meet and confer with defendants regarding the discovery responses, the parties could have agreed for defendants to provide information relating to procedures for dealing with suicide attempts in general or for defendants to advise plaintiff how to obtain the information through another source without seeking court action.

As the court is not granting plaintiff's motion to compel, awarding attorney's fees is not

appropriate. *See* Fed. R. Civ. P. 37(d)(3).  In reviewing the docket in this action, the court notes that the parties have stipulated to extend discovery three times.  (#25, #31, and #33).  The court is not inclined to grant another extension, and the parties should conduct themselves accordingly.

Accordingly, and for good cause shown,

IT IS ORDERED that plaintiff Curtis Lee Wimberly's Motion To Compel (#30) and request for attorney's fees are DENIED.

IT IS FURTHER ORDERED that the parties shall meet and confer  in a sincere effort to resolve the discovery dispute pursuant to Local Rule 26-7(b) within 14 days from the entry of this order.  If, after the meet and confer, plaintiff still believes that the discovery responses are incomplete, plaintiff may file a motion to compel **in accordance with the federal rules and rules of this court** within 14 days from the meet and confer.

DATED this 28th day of March, 2012.

_____

**CAM FERENBACH**
**UNITED STATES MAGISTRATE JUDGE**